| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Jonathan Tukel | Special Agent: Ryan Y. Schanberger | Telephone: (313) 226-9100<br>Telephone: (313) 965-6088 |

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan


ORIGINAL

United States of America
v.
**YOUSEF MOHAMMAD RAMADAN**

Case: 2:17-mj-30426
Judge: Unassigned,
Filed: 08-25-2017 At 12:27 PM
IN RE: SEALED MATTER (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 23, 2017__ in the county of __Washtenaw__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(k) | Knowingly possessing a firearm with an obliterated serial number which had moved in interstate commerce. |

This criminal complaint is based on these facts:

See attached AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ryan Y. Schanberger, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **AUG 2 5 2017**

_____
*Judge's signature*

City and state: Detroit, MI

R. Steven Whalen, U.S. Magistrate Judge
*Printed name and title*

Case 2:17-mj-30426-DUTY ECF No. 1 filed 08/25/17 PageID.2 Page 2 of 15



IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Ryan Y. Schanberger, being first duly sworn, hereby depose and state as follows:

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and have been so employed since November, 2012. I am currently assigned to a counterterrorism squad in the FBI's Detroit Division.

2. My knowledge of the facts and circumstances contained within this affidavit is based upon my personal investigation, my training and experience, and information obtained from other investigators and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not necessarily set forth all of my or the FBI's knowledge about this matter.

3. I submit that there is probable cause to believe that YOUSEF MOHAMMAD RAMADAN knowingly possessed two firearms, each of which had its serial number obliterated, and each of which had moved in interstate commerce, in violation of 18 U.S.C. § 922(k).

4. On August 15, 2017, YOUSEF MOHAMMAD RAMADAN, his wife and children were scheduled to depart the United States for Amman, Jordan,

aboard a Royal Jordanian Airlines flight. Prior to departure, YOUSEF MOHAMMAD RAMADAN was interviewed by United States Customs and Border Protection officers, together with an FBI Special Agent. YOUSEF MOHAMMAD RAMADAN stated that the entire family was relocating to Bethlehem, territory which is administered by the Palestinian Authority. During the interview, which covered a number of subjects, YOUSEF MOHAMMAD RAMADAN stated that he owns two rifles and a Glock handgun, which he had placed in a self-storage unit prior to his departure. YOUSEF MOHAMMAD RAMADAN stated that he could not recall the exact address, street number, or unit number of the storage unit. RAMADAN stated that he would take agents to the storage unit following the interview. However, when asked to take the agents to the storage unit, RAMADAN stated that he had lied about the storage unit, and actually had stored the firearms with a friend. RAMADAN refused to identify the friend to whom he had allegedly given the firearms, stating he did not want to cause his friend to have problems with law enforcement. RAMADAN stated, however, the firearms were lawfully possessed, purchased and registered, and that his friend was not a felon. RAMADAN also stated that he had made up the story about the self-storage unit. Your affiant notes that RAMADAN does in fact have a Glock handgun lawfully registered to him.

5. Agents were able to identify self-storage unit B64, located in Devon Self Storage, 4750 South State Road, Ann Arbor, Michigan, as likely having been used by RAMADAN. On August 23, 2017, Executive United States Magistrate Judge R. Steven Whalen signed a search warrant authorizing the search of that unit. Based on investigation to date, including the execution of the search warrant, there is probable cause to believe that the self-storage unit is under the control of YOUSEF MOHAMMAD RAMADAN, and that he therefore was in actual or constructive possession of its contents. To begin with, RAMADAN first stated to agents and then recanted that he had placed items within the unit. Your affiant knows from his training and experience that individuals who unlawfully store contraband within a storage unit often deny that they have made use of such a unit. In addition, it appears that the lessees attempted to disguise RAMADAN'S involvement with the storage unit. The "NEW CUSTOMER INFORMATION SHEET" states that Jeannine Ramadan, the wife of YOUSEF MOHAMMAD RAMADAN, is the "primary contact;" YOUSEF MOHAMMAD RAMADAN is listed as an emergency contact. The New Customer Information Sheet states that the emergency contact should be a person "Not residing with you," i.e., not residing with the person listed as the primary contact. However, during the period of the lease agreement, YOUSEF MOHAMMAD RAMADAN did in fact reside with Jeannine Ramadan, his wife; however, the address of YOUSEF MOHAMMAD RAMADAN was omitted from

the sheet, apparently to disguise the fact that he resided at the same address as his wife. It appears that YOUSEF MOHAMMAD RAMADAN and his wife also attempted to disguise the fact that they were married, by answering the question "Your relationship to the alternate contact" as "friend." Your affiant is aware that individuals in actual or constructive control of contraband often attempt to conceal such possession. Additionally, investigation has shown that YOUSEF MOHAMMAD RAMADAN has paid for the self storage unit for at least some portion of the time it has been leased. The FBI has obtained payment records for the self storage unit. For the months December, 2016 and March, 2017 through August, 2017, payment records show that a Visa card ending in the numbers 5868 was used to pay the lease fee. Investigation has shown that the Visa ending in the numbers 5868 is issued by JP Morgan Chase, in the name of "Yousef M. Ramadan."

6. Investigation has shown that YOUSEF MOHAMMAD RAMADAN uses the storage unit. For example, storage unit access records show that the code assigned to Unit B64 was used to gain access to the Unit on August 15, 2017, the date RAMADAN and his family were scheduled to depart the United States, from 11:03 to 11:05 a.m, a time prior to their flight. FBI agents have reviewed security camera video at the Devon Self Storage facility for that time period and observed that a male driving a Honda Odyssey minivan accessed the storage facility. There is

a Honda Odyssey minivan registered to Somaya Abufarha, who is the sister of YOUSEF MOHAMMAD RAMADAN. The security camera video does not show the license plate of the Honda Odyssey, but it appears to be identical to the model registered to YOUSEF MOHAMMAD RAMADAN's sister. In addition, on August 23, 2017, surveillance agents observed YOUSEF MOHAMMAD RAMADAN riding as a passenger in the Honda Odyssey registered to his sister.

7. On August 23, 2017, agents executed the search warrant described above. Agents in fact discovered two rifles and a Kimber Covert Pro II handgun. The two rifles match the descriptions given by RAMADAN of firearms he had placed in the storage facility. RAMADAN did not tell agents about the Kimber Covert Pro II handgun, but it is in fact registered to him in the State of Michigan. In addition, agents found an upper receiver and other components of an AR-15 rifle. Agents also found two pistols, a Jennings J-22, silver plated semi-automatic handgun with a black grip, which fires .22 LR bullets, and a Ruger Mk. II .22 caliber black semi-automatic handgun with a small Ruger logo on the handgun. Each of the Jennings J-22 and Ruger Mk. II handguns had had its serial number obliterated such that no serial number was legible. Photographs of the two handguns showing the obliterated serial numbers are attached as Exhibits A (Ruger), A-1 (Ruger), B (Jennings), and B-1 (Jennings).

8. Your affiant has learned that the neither the Ruger .22 nor the Jennings J-22 were manufactured in the State of Michigan. As such, each of those firearms moved in interstate commerce prior to its seizure by the FBI.

9. Based on the foregoing, your affiant is of the opinion that there is probable cause to believe that YOUSEF MOHAMMAD RAMADAN possessed two firearms, specifically, the Jennings J-22 and the Ruger .22 caliber, each of which had the manufacturer's serial number removed and obliterated, and each of which had been transported at some time in interstate commerce, in violation of 18 U.S.C. § 922(k).

Respectfully submitted,

_____
RYAN Y. SCHANBERGER
Special Agent
Federal Bureau of Investigation

Subscribed to and sworn to before me.

_____
HONORABLE R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: AUG 2 5 2017

6

# EXHIBIT A



# EXHIBIT A-1



# EXHIBIT B



# EXHIBIT B-1

